# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GWENDOLYN GOODMAN,<br><br>    Plaintiff,<br><br>v.<br><br>INTER-CONTINENTAL HOTELS CORPORATION; INTERCONTINENTAL HOTELS GROUP RESOURCES, INC.; IHG MANAGEMENT (MARYLAND), LLC; PEBBLEBROOK HOTEL TRUST; and ORANGEMEN LESSEE LLC,<br><br>    Defendants. | CIVIL ACTION NO.<br><br><br>JURY DEMAND |

## COMPLAINT

Plaintiff Gwedolyn Goodman, through undersigned counsel, brings this action against Defendants Inter-Continental Hotels Corporation; InterContinental Hotels Group Resources, Inc.; IHG Management (Maryland), LLC; Pebblebrook Hotel Trust; and Orangemen Lessee LLC, and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for unpaid overtime wages, brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA").

1

## JURISDICTION AND VENUE

2. The Court exercises jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because they raise questions of federal law.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and L.R. 3.1(B), NDGa., because a substantial part of the events or omissions giving rise to Plaintiff's claims as described in this complaint occurred within the Atlanta Division of the Northern District of Georgia.

## PARTIES

4. Plaintiff is a resident of the State of Georgia.

5. Defendant Inter-Continental Hotels Corporation is a Delaware corporation authorized to do business in Georgia and lists its principle office with the Georgia Secretary of State as Three Ravinia Drive, Suite 100, c/o Law Dept., Atlanta, GA, 30346.

6. Defendant Inter-Continental Hotels Corporation may be served with process through its Registered Agent, Corporation Process Company, at 2180 Satellite Boulevard, Suite 400, Gwinnett, Duluth, GA, 30097.

7. Defendant InterContinental Hotels Group Resources, Inc. is a Delaware corporation authorized to do business in Georgia and lists its principle office with the Georgia Secretary of State as Three Ravinia Drive, Suite 100, c/o Law Dept., Atlanta, GA, 30346.

8. Defendant InterContinental Hotels Group Resources, Inc. may be served with process through its Registered Agent, Corporation Process Company, at 2180 Satellite Boulevard, Suite 400, Gwinnett, Duluth, GA, 30097.

9. Defendant IHG Management (Maryland), LLC is a Maryland limited liability company authorized to transact business in Georgia.

10. Defendant IHG Management (Maryland), LLC may be served with process through its Registered Agent, Corporation Process Company, at 2180 Satellite Boulevard, Suite 400, Gwinnett, Duluth, GA, 30097.

11. Defendant Pebblebrook Hotel Trust is a Maryland real estate investment trust.

12. Defendant Pebblebrook Hotel Trust may be served with process through its Registered Agent, The Corporation Trust Incorporated, at 351 West Camden Street, Baltimore, MD 21201.

13. Defendant Orangemen Lessee LLC is a Delaware limited liability company authorized to transact business in Georgia.

14. Defendant Orangemen Lessee LLC may be served with process through its Registered Agent, CT Corporation System, at 1201 Peachtree Street, NE, Fulton, Atlanta, GA 30361.

15. At all times relevant to Plaintiff's claims, Defendants employed Plaintiff.

16. Plaintiff engaged in interstate commerce, or the production of goods for interstate commerce, while working for Defendants.

17. Plaintiff works at the InterContinental Buckhead Atlanta Hotel ("InterContinental Buckhead") located at 3315 Peachtree Road NE, Atlanta, GA 30326.

18. Defendants own and/or operate the InterContinental Buckhead enterprise for a common business purpose.

19. For example, Defendant IHG Management (Maryland), LLC issues Plaintiff's paychecks.

20. Defendant Pebblebrook Hotel Trust owns the InterContinental Buckhead.

21. Defendant Orangemen Lessee LLC is a taxpaying entity that transacts business as the InterContinental Buckhead.

22. Defendants Inter-Continental Hotels Corporation and InterContinental Hotels Group Resources, Inc. operate the InterContinental Buckhead and share offices in Georgia.

23. Defendants have employees engaged in commerce or in the production of goods for commerce.

24. Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

25. Within the three years preceding the filing of this complaint, Defendants have had, and continue to have, at least $500,000.00 in gross annual revenue.

**FACTUAL ALLEGATIONS IN SUPPORT OF
PLAINTIFF'S CLAIM FOR UNPAID OVERTIME**

26. Plaintiff Goodman began working at the InterContinental Buckhead as a temporary employee in 2005.

27. Defendants hired Goodman as a full-time "Sales Assistant" in March 2005.

28. In 2006, Goodman was promoted to a "Sales Manager" position.

29. During her 11-year tenure as a Sales Manager, Goodman has held several different titles.

30. From July 2006 to October 2007, Goodman's title was "Executive Meetings Manager."

31. From October 2007 to July 2009, her title was "Entertainment & Marketing Manager."

32. From July 2009 to August 2014, her title was "Entertainment & Business Travel Manager."

33. Since August 2014, Goodman's has been "Area Director of Entertainment Sales."

34. Notwithstanding the various job titles Goodman has been assigned, Goodman's work as a Sales Manager at the InterContinental Buckhead has remained substantially similar since 2006.

35. Defendants categorize Goodman internally as a Sales Manager with less than two direct reports.

36. From the time Goodman became a Sales Manager in 2006 until November 18, 2016, Defendants paid Goodman a fixed weekly wage.

37. In November 2016, Defendants reclassified Sales Managers with less than two direct reports, such as Goodman, as non-exempt from the FLSA's overtime requirement.

38. In November 2016, Defendants began paying Sales Managers with less than two direct reports on an hourly basis.

39. On or about November 18, 2016, Defendants began paying Goodman on an hourly basis.

40. Goodman also receives additional compensation pursuant to Defendants' Bonus Plan.

41. Defendants publish the Bonus Plan, which includes a specified period during which performance is evaluated, when payouts can be expected, and charts identifying performance targets that trigger bonus payments and the amounts of the payments due.

42. According to Defendants' Bonus Plan, "job title, bonus award target, performance period base salary, and actual performance against each specified team or individual goal defined in the Bonus Plan will determine the overall Bonus Award."

43. As a Sales Manager, Goodman sold hotel accommodations and services at the InterContinental Buckhead.

44. The work of a Sales Manager includes soliciting corporate clients.

45. The solicitation of corporate clients includes seeking new customers and increasing sales to Defendants' existing customers.

46. Defendants require Sales Managers to participate in corporate activities and meetings.

47. Defendants require Sales Managers to perform duties as assigned.

48. Defendants require Sales Managers to work at least 50 hours per week.

49. During certain weeks, Goodman worked in the evenings after returning home from work.

50. Goodman regularly attended networking events after work.

51. Though Goodman works primarily in Atlanta, she occasionally travels to attend trade shows and other business development events.

52. As a Sales Manager, Goodman has routinely worked more than 40 hours per week.

53. Defendants failed to maintain accurate records of Plaintiff's hours worked in violation of the FLSA's recordkeeping requirement.

54. Further, Defendants failed to pay Plaintiff at the required overtime premium rate for the hours Plaintiff worked in excess of 40 per week.

## COUNT 1: UNPAID OVERTIME WAGES

55. Defendants failed to compensate Plaintiff for hours worked in excess of 40 per week at a rate of not less than one and one-half times her regular rate.

56. Defendants knew or should have known that Plaintiff worked in excess of 40 hours per week during certain weeks.

57. Defendants chose not to compensate Plaintiff at the required overtime premium rate despite Defendants' knowledge that failure to pay an overtime premium was a violation of the FLSA given Plaintiff's job duties.

58. Defendants' decisions with respect to Plaintiff's compensation show a reckless disregard for Plaintiff's rights under the FLSA.

59. Moreover, Defendants lacked reasonable grounds for believing their pay practices with respect to Plaintiff comported with the requirements of the FLSA.

60. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

61. Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for all unpaid overtime wages, liquidated damages, and attorney's fees and costs.

## DEMAND FOR JUDGMENT

Plaintiff respectfully requests that the Court:

I. Enter declaratory judgment in favor of Plaintiff that Defendants violated the FLSA;

II. Enter judgment that Defendants' conduct was willful;

III. Award all unpaid wages;

IV. Award liquidated damages in an amount equal to Plaintiff's unpaid wages;

V. Award attorney's fees, costs, and expenses of litigation; and

VI. Award any other relief to which Plaintiff may be entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury.

Respectfully submitted: February 13, 2017.

|  |  |
|---|---|
|  | s/John L. Mays |
| MAYS & KERR LLC | John L. Mays |
| 235 Peachtree Street NE | Georgia Bar No. 986574 |
| North Tower \| Suite 202 |  |
| Atlanta, Georgia 30303 |  |
| Tel/Fax: (404) 855-0820 |  |
| john@maysandkerr.com | Counsel for Plaintiff |